IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND JENKINS,                    No. CIV S-11-3152-CMK-P

    Plaintiff,

  vs.                                ORDER

ARNOLD SCHARZNEGGER, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint appears to be a challenge the imposition of California Penal Code § 3003.5, also known as the Sexual Predator Punishment and Control Act ("SPPCA") or "Jessica's Law."  The entire statement of claim as set forth in the complaint is as follows:

> The new law Proposition 83.  The Governor told the people this law will stop sex crime on children.  But this lie to the people.  This will reduce sex offenses but it do not [sic].  It cost $500 million for this law.

(Complaint, Doc. 1, at 3).

## II.  DISCUSSION

It appears plaintiff is attempting to challenge the legality of this California law.  He has not, however, indicated what standing he has to do so, nor what aspect of the law he is actually challenging.

"Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated."  Covington v. Jeferson Co., 358 F.3d 626, 637 (9th Cir.2004).  To satisfy the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); see also Covington, 358 F.3d at 637-38.

/ / /

1    Plaintiff indicates that he is a prisoner, but does not inform the court for what he is
2  currently incarcerated.  As such, there is no way for the court to determine whether he is in any
3  way impacted by California Penal Code § 3003.5, and if so what actual injury in fact he suffers
4  giving him standing to bring such a challenge.  The SPPCA imposes residency restrictions and
5  GPS monitoring on registered sex offenders.  Plaintiff fails to allege that he has been convicted
6  of a crime for which he is required to register as a sex offender, nor that this statute applies to
7  him in any way.  He therefore fails to establish any standing for challenging this State law.
8    In addition, as discussed above, Rule 8 requires a complaint contain a short and
9  plain statement of the claim.  Here, plaintiff's complaint fails to articulate any claim.  His
10 statement that the State law fails to deliver as the governor had promised is insufficient to
11 satisfy the requirement of Federal Rule of Civil Procedure 8(a), showing that the pleader is
12 entitled to relief.   Nor does it give the defendant fair notice of his claim and the grounds upon
13 which it rests.

### III.  CONCLUSION

15   Because it is possible that the deficiencies identified in this order may be cured by
16 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
17 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
18 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
19 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
20 amend, all claims alleged in the original complaint which are not alleged in the amended
21 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
22 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
23 plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
24 complete in itself without reference to any prior pleading.  See id.
25 / / /
26

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: January 23, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4